Zachary T. Ball, Esq.
Nevada Bar No. 8364
FIDELITY NATIONAL LAW GROUP
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Telephone: (702) 667-3002
Fax: (702) 697-2020
Email: zachary.ball@fnf.com
Attorneys for Defendants *Ticor Title of Nevada, Inc. and Stanley S. Silva*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT D. SEXTON and SONIA L. SEXTON, husband and wife, | Case No.  3:11-cv-00437-RCJ-RAM |
| Plaintiffs, | |
| vs. | |
| INDYMAC BANK, FSB; STEWART TITLE GUARANTY COMPANY; NDEX WEST, LLC; ONEWEST BANK, FSB; LSI TITLE AGENCY; TICOR TITLE a Nevada Corporation; STANLEY S. SILVA; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | |
| Defendants. | |

**DEFENDANTS, TICOR TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants, TICOR TITLE OF NEVADA, INC. ("Ticor") and STANLEY S. SILVA ("Silva"), by and through their attorney of record, Zachary T. Ball, Esq., reply to Plaintiffs' Opposition to Ticor and Silva's Motion to Dismiss Plaintiffs' Complaint ("Reply").  This Reply is supported by the following Memorandum of Points and Authorities, the record herein, and any argument that may be presented at any hearing hereon.

////

////

////

Fidelity National
Law Group
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

Page 1 of 6

# I.

## ARGUMENT

**A.**   **Plaintiffs' Failure To Oppose The Requested Dismissal Of The Third, Fourth And Seventh Causes Of Action Should Result In This Court Granting Dismissal Of The Same.**

Plaintiffs' Opposition to Ticor and Silva's Motion to Dismiss Complaint ("Opposition") fails to oppose the Motion to Dismiss' ("Motion") request to dismiss Plaintiffs' third cause of action (Violation of Unfair Lending Practices, NRS 598D.100),[1] fourth cause of action (Violation of Covenant of Good Faith and Fair Dealing) and seventh cause of action (Fraud Through Omission And In The Inducement).  *See* Opposition, generally.

Under Local Rule 7-2(d), Plaintiffs' "failure to file points and authorities in opposition to [the] motion constitutes a consent that the motion be granted."  *Corey v. McNamara,* 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006) (*citing Abbott v. United Venture Capital, Inc.,* 718 F. Supp. 828, 831 (D. Nev. 1989)); *see also* D. Nev. R. 7-2(d).  This Court's Local Rules, "no less than the federal rules or acts of Congress, have the force of law."  *Corey*, 409 F. Supp. 2d at 1228 (citations omitted).  Based upon Plaintiffs' failure to oppose the requested dismissal of these claims, Ticor and Silva request that this Court dismiss the Complaint's third, fourth and seventh causes of action.

While Plaintiffs do oppose the remaining requests within the Motion, this opposition is inadequate and should be disregarded by this Court for the following reasons.

**B.**   **Plaintiffs' First And Second Causes of Action Fail And Should Be Dismissed.**

In opposing the Motion's request to dismiss the Complaint's first and second causes of action (which are jointly addressed in the Opposition), the Opposition offers only citations to NRS 598.0923(1) and 15 U.S.C. §1692(a)(6), then states "Plaintiff alleges that Defendants are not duly licensed as collection agencies or foreign collection agencies, thus their attempted non-judicial foreclosure violates this statute."  *See* Opposition, p. 14, l. 25 – p. 15, l. 1.

---

[1] Although the Opposition does cite to NRS 598D.100, the statements made are merely repetitions of the Complaint's allegations.  *See* Opposition, p. 2, l. 20 – p. 3, l. 1.  Inasmuch, no opposition is actually set forth.

Fidelity National
Law Group
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

1    Plaintiffs cannot maintain their causes of action under Nevada law.  This Federal Court

2    has ruled that a non-judicial foreclosure proceeding is not a collection of debt for the purposes of

3    15 U.S.C. §1692 and NRS Chapter 649 in *Erickson v. PNC Mortg.*, 3:10-CV-0678-LRH-VPC,

4    2011 WL 1626582 (D. Nev. Apr. 27, 2011):

5            Pursuant to NRS § 649, it is a violation of state law to violate any
     provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

6    §§ 1692 et seq. See NRS § 649.370. Here, the Ericksons allege that MTC
     Financial violated the FDCPA, and thereby Nevada law, by initiating a non

7    judicial foreclosure without following the proper procedures for attempting to
     collect a debt.

8
             It is well established that non judicial foreclosures are not an attempt to
9    collect a debt under the Fair Debt Collection Practice Act and similar state
     statutes. See e.g., *Hulse v. Ocwen Fed. Bank FSB*, 195 F.Supp.2d 1188
10   (D.Or.2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D.Nev.2010)
     (holding that recording a notice of default is not an attempt to collect a debt
11   because the borrower already consented to allow the foreclosure trustee to record
     the notice upon default). Further, the legislative history of the FDCPA
12   conclusively indicates that a debt collector does not include a foreclosure trustee,
     a mortgage servicing company, or an assignee of a debt, as long as the debt was
13   not in default at the time it was assigned. See S.Rep. No. 95–382, 95th Cong., 1st
     Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.News 1965, 1968.
14

15   *Erickson v. PNC Mortg.*, 3:10-CV-0678-LRH-VPC, 2011 WL 1626582 (D. Nev. Apr. 27,

16   2011).  Plaintiffs' claims fail as neither Ticor nor Silva violated the FDCPA by initiating a non-

17   judicial foreclosure sale upon Plaintiffs' default.  Further, Ticor or Silva did not, in turn, violate

18   NRS §649. The first cause of action must be dismissed with prejudice for this reason.

19           Moreover, as Plaintiffs' second cause of action of deceptive trade practices and

20   Opposition are premised on the allegation that the foreclosing entities do not have a 'collector's

21   license', this claim additionally fails.  This Court has ruled similarly on nearly identical

22   complaint allegations.  *See Shields v. First Magnus Fin. Corp.*, 3:10-CV-00641-RCJ, 2011 WL

23   1304734 (D. Nev. Apr. 1, 2011).  The second cause of action should be dismissed.

24   **C.**    **Plaintiffs' Fifth Cause of Action Fails And Should Be Dismissed.**

25           The Opposition attempts to rebut Ticor and Silva's request for dismissal by heavily citing

26   to agency case law.  *See* Opposition, p. 10, l. 9 - p. 12, l. 2.  Additionally, the Opposition claims

27   that "[t]he statute provides specific notice and procedural requirements that a trustee or an

28   assignee of the trustee must follow in executing the power of sale."  *See* Opposition, p. 9, ll. 5-8.

**Fidelity National**
**Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

Page 3 of 6

1    However, no specific law is cited.  Moreover, the Opposition fails to allege that any

2    defendants committed any act which violated NRS 107.080 et seq.  For the above stated reasons,

3    this fifth cause of action must be dismissed with prejudice.

4    **D.    Plaintiffs' Sixth Cause of Action Fails And Should Be Dismissed.**

5    In opposing the Motion's request to dismiss Plaintiffs' quiet title claim for relief, the

6    Opposition states "Plaintiff alleges that the recorded Notices of Default and Intent to Sell has

7    clouded Plaintiff's Title to his property", then cites to quiet title case law.  Opposition, p. 12, l.

8    5-6.  Although that section of the Opposition continues on, none of the argument is relevant for

9    opposing dismissal of the quiet title cause of action.  (This irrelevant argument includes a

10   citation to NRS 107.080 arguing that the Defendants violated the statutes and that the sale should

11   be set aside and that Plaintiffs admit that they have not paid the loan, Opposition, p. 12, ll. 19-

12   22.)  As with the fifth claim for relief, Plaintiffs cite to no case law or additional allegations that

13   oppose the Motion and would preclude this Court from granting the Motion.  The sixth claim for

14   relief should be dismissed.

15   **E.    Plaintiffs' Eighth Cause of Action Fails And Should Be Dismissed.**

16   The Opposition states that "[t]he recordation establishes a cloud on the title and slanders

17   the title where declaratory relief, as well as slander of title is warranted as a new claim

18   supporting a motion to amend.  *See* Opposition, p. 21, l. 12-14.  Critically, the Opposition fails to

19   make any argument opposing the law that holds the recorded Notice of Default makes no claim

20   to real property as well as fails to cast any doubt to actual ownership.  *Watts v. Decision One*

21   *Mortg. Co., LLC*, 09 CV 0043 JMBLM, 2009 WL 648669 (S.D. Cal. Mar. 9, 2009).  As

22   Plaintiffs' actual ownership cannot be in doubt after the recordation of a notice of default, no

23   slander of title claim exists.  The Motion should be granted.

24   **F.    Plaintiffs' Ninth Cause of Action Fails And Should Be Dismissed.**

25   In opposing the claim to dismiss Plaintiffs' abuse of process claim, the Opposition cites

26   to the elements of an abuse of process claim, to NRS 107.080, then claims that "[t]here is

27   nothing indicating that the statutory non-judicial foreclosure is NOT use of a legal Process".  *See*

28   Opposition, p. 21, l. 1-2.  Plaintiffs fail to oppose that case law cited in the Motion that

**Fidelity National**
**Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

Page 4 of 6

unequivocally indicates abuse of process requires judicial process.  *Adams v. Superior Court*, 2 Cal.App.4[th] 521, 530 (1992) and *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300, 2009 WL 1948829, at *5 (N.D.Cal. July 6, 2009).  This failure is a non-opposition.  The Motion should be granted.

**G.     Plaintiffs' Request for Equitable Relief Fails And Should Be Dismissed.**

The Opposition fails to address Ticor and Silva's request to dismiss the Complaint's stated remedies of Declaratory Relief, Reformation and Quiet Title.  As all of Plaintiffs' claims fail, so too do these dependent requests for equitable relief.  Ticor and Silva's motion should be granted.

**II.**

**CONCLUSION**

For all of the foregoing reasons and pursuant to F.R.Civ.P. 12(b)(6), Defendants, Ticor Title of Nevada, Inc. and Stanley S. Silva respectfully request that this Court dismiss them from this litigation with prejudice as Plaintiffs' Complaint and Opposition to Motion to Dismiss have failed to state any claim upon which relief can be granted.

DATED this 18th day of July, 2011.          FIDELITY NATIONAL LAW GROUP

Zachary T. Ball, Esq.
Nevada Bar No. 8364
Fidelity National Law Group
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Attorneys for *Ticor Title of Nevada, Inc. and Stanley S. Silva*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically transmitted the foregoing **DEFENDANTS, TICOR**

3  **TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S REPLY TO PLAINTIFFS'**

4  **OPPOSITION TO MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System

5  for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF

6  registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

7      Rick Lawton, Esq.                              Neil Ackerman, Esq.
       1460 Hwy 95A N. Ste. 1                         Neil Ackerman, Esq., LLC
8      Fernley, Nevada  89408                         2688 S. Rainbow Blvd., Ste. D
       Attorney for *Plaintiff*s                      Las Vegas, Nevada 89146
9                                                     Attorney for *LSI Title Agency*

10

11      **DATED**:  July 18, 2011                     *Jennifer O'Brien*
                                                      An employee of Fidelity National Law Group
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fidelity National**
**Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

Page 6 of 6