**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTT D. SEXTON and SONIA L. SEXTON, husband and wife, )
)
Plaintiffs, )
)      3:11-cv-437-RCJ-WGC
v. )
)      **ORDER**
)
INDYMAC BANK FSB et al., )
)
Defendants. )
)
_____ )

This is a foreclosure case involving a single property. Defendants Ticor Title of Nevada, Inc. ("Ticor Title") and Stanley S. Silva have moved to dismiss the motion for failure to state a claim under Rule 12(b)(6). For the following reasons, the Court grants the Motion to Dismiss (#4) on all counts except count five (claiming violations of N.R.S. § 107.080 et seq.).

**BACKGROUND**[1]

In 2007, Plaintiffs Scott and Sonia Sexton obtained a loan from Indymac Bank, FSB ("Indymac") in the amount of $752,000.00. (Compl. (#1-2) at 23). To secure the loan, a deed of trust was executed against 5 Pecetti Circle, Reno, Nevada 89511 (the "Property") on April

---

[1] Defendants Ticor Title and Stanley Silva have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Request for Judicial Notice (#5)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

24, 2007. (Deed of Trust (#5-1) at 1-3). The deed of trust listed Indymac as the lender, Stewart Title Guaranty Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 2). The deed of trust was recorded in the Washoe County Recorder's office on May 1, 2007. (*Id.*).

Some time later Plaintiffs defaulted on the loan. (*See* Notice of Breach (#5-2) at 1). Defendant Ticor Title then recorded a notice of breach and election to sell under deed of trust (the "NOD") on August 18, 2010. (*Id.* at 1-2). The NOD was signed by Defendant Stanley S. Silva as an agent of Ticor Title. (*Id.* at 2). NDEX West, LLC ("NDEX") was listed on the NOD as the current trustee, and Ticor Title apparently recorded the NOD claiming to be an agent of NDEX. (*Id.*). A notice of trustee's sale was then executed by NDEX on April 28, 2011. (Compl. (#1-2) at 6). LSI Title Agency, Inc. recorded the notice of trustee's sale on May 4, 2011, setting a sale date for May 19, 2011. (*Id.*). LSI Title Agency, Inc. is believed to be an agent of NDEX. (*Id.* at 20).

On May 12, 2011, Plaintiffs filed this complaint in the Second Judicial District Court of the State of Nevada against Indymac; Steward Title Guaranty Company; NDEX; Onewest Bank, FSB; LSI Title Agency, Inc.; Ticor Title; and Stanley S. Silva. (Compl. (#1-2)). In the complaint, Plaintiffs allege the following causes of action: (1) debt collection violations; (2) violations of the Unfair and Deceptive Trade Practice Act (N.R.S. § 649.370); (3) violations of the Unfair Lending Practices Act (N.R.S. § 598D.100); (4) violations of the covenant of good faith and fair dealing; (5) violations of N.R.S. § 107.080 et seq.; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (*Id.* at 24-48).

The action was then removed to this Court on June 21, 2011. (Pet. for Removal (#1)). Defendants Ticor Title and Stanley Silva ("Defendants") filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 21, 2011. (Mot. to Dismiss (#4)).

## LEGAL STANDARD

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544 at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

The chief obstacle Defendants encounter in seeking to have the action dismissed against them for failure to state a claim is that they have failed to show they had any authority to file the NOD. Defendants contend they acted as the agents of NDEX—who they claim is the duly appointed trustee—yet fail to provide the Court with any evidence that NDEX was in

3

1  fact the trustee over the deed of trust. (*See* NOD (#5-2) at 1). Stewart Title is listed on the
2  deed of trust as trustee and no substitution of trustee was presented to show Stewart Title was
3  replaced by NDEX. (Deed of Trust (#5-1) at 2).
4        Yet despite this deficiency, all but one of the claims against Defendants are still
5  dismissed because they do not apply to Defendants. Because the majority of these claims do
6  not apply to Defendants, any attempt to amend would be futile.

7  **I.   Debt Collection Violations**

8        In the first cause of action for violations under N.R.S. § 649.370, Plaintiffs have failed
9  to state a claim because foreclosure pursuant to a deed of trust does not constitute debt
10 collection under the Fair Debt Collections Practices Act (15 U.S.C. § 1692) ("FDCPA").
11 *Camacho-Villa v. Great W. Home Loans*, No. 3:10-cv-210-ECR-VPC, 2011 WL 1103681, at
12 *4 (D. Nev. 2011). N.R.S. § 649.370 states that a violation of the FDCPA along with all
13 regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable
14 for a violation of the FDCPA the defendant must be classified as a "debt collector" within the
15 meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). A "debt collector" is defined
16 by the FDCPA as "a person who . . . regularly collects or attempts to collect, directly or
17 indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
18 Numerous courts have also determined that the act of foreclosing on property pursuant to a
19 deed of trust is not the collection of a debt within the meaning of the FDCPA. *See, e.g.,*
20 *Gillespie v. Countrywide Bank, FSB*, No. 3:09-cv-556-JCM-VPC, 2011 WL 3652603, at *2 (D.
21 Nev. Aug. 19, 2011); *Rubio v. Mortg. Outlet*, No. 2:11-cv-550-JCM-RJJ, 2011 WL 3475902,
22 at *2 (D. Nev. Aug. 9, 2011); *Hagos v. MTC Fin., Inc.*, No. 11-cv-01272-GMN-RJJ, 2011 WL
23 3471153, at *2 (D. Nev. Aug. 8, 2011).
24       Defendants here were collecting pursuant to a deed of trust and thus cannot be liable
25 under N.R.S. § 649.370 because they are not "debt collectors" under the FDCPA. For this
26 reason, Plaintiff's first cause of action fails.

27 **II.   Nevada Unfair and Deceptive Trade Practice Act**

28       In the second cause of action for deceptive trade practices in violation of the Nevada

Unfair and Deceptive Trade Practice Act (N.R.S. § 598.0923) Plaintiffs have again failed to state a claim because recording a notice of default does not require a business license. *Huck v. Countrywide Home Loans, Inc.*, No. 3:09-cv-553-JCM-VPC, 2011 WL 3274041, at *3 (D. Nev. July 29, 2011). Under N.R.S. § 598.0923, a person engages in deceptive trade practices when a party knowingly conducts his or her business or occupation without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). The statute explicitly states that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h).

Defendants were enforcing a mortgage securing a debt and therefore no business license was required. This cause of action consequently lacks merit.

**III.  Nevada Unfair Lending Practices Act**

In the third cause of action, Plaintiffs failed to state a claim for unfair lending practices under the Nevada Unfair Lending Practices Act (N.R.S. § 598D.100) because the statute does not apply to Defendants. This statute only applies to original "lenders." *See* Nev. Rev. Stat. § 598D.100(1); *Velasquez v. HSBC Mortg. Serv.*, No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. July 23, 2009) (dismissing a claim against defendants who were not the originators of the loan). Defendants were not the originators of the loan, but merely the party that filed the NOD. Accordingly, Plaintiffs fail as a matter of law to state a claim against Defendants for unfair lending practices.

**IV.  Breach of Good Faith and Fair Dealing**

In the fourth cause of action, Plaintiffs failed to state a claim for violation of the covenant of good faith and fair dealing because Plaintiffs allege no contractual relationship existed between themselves and Defendant. To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the existence of a valid, enforceable contract; (2) the defendant's performance in a manner that is unfaithful to the

5

purpose of the contract and the justified expectations of the plaintiff; and (3) resulting damages sustained by the plaintiff. *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995).

Plaintiffs specifically allege there was no contractual relationship between Defendants and the original parties on the deed of trust. (Compl. (#1-2) at 6, 9) (alleging there was no substitution of trustee and Defendants had no authority to foreclose on Plaintiffs). Plaintiffs rely on this argument to maintain their claim that Defendants lacked authority to foreclose on the Property. (*Id.* at 9). Yet by alleging Defendants had no contractual authority, they also assert there was no contract. Defendants cannot be liable for breach of the covenant of good faith and fair dealing regarding a contract that never existed.

## V.     Violations of N.R.S. § 107.080

In the fifth cause of action for violations of N.R.S. § 107.080 et seq., Plaintiffs have stated a claim against Defendants because Defendants have not shown they were authorized to file the NOD. Under N.R.S. § 107.080, a notice of breach and election to sell may only be executed by the beneficiary, the successor in interest of the beneficiary, or the trustee. Nev. Rev. Stat. § 107.080(c). There is no evidence either Ticor Title or Silva was the beneficiary, successor in interest to the beneficiary, the trustee, or an authorized agent of any of the above. Defendants contend they acted as the agents of NDEX—who they claim is the duly appointed trustee—but have not shown that NDEX was in fact the trustee over the deed of trust. (*See* NOD (#5-2) at 1). Stewart Title is listed on the deed of trust as trustee and no substitution of trustee was presented to show Stewart Title was ever replaced by NDEX. (Deed of Trust (#5-1) at 2). Because Defendants have shown no evidence that they were authorized to file the NOD, Plaintiffs have stated a claim under the fifth cause of action.

## VI.    Quiet Title

In the sixth cause of action for quiet title, Plaintiffs fail to state a claim because Defendants are not claiming an interest in the Property. To succeed on a quiet title claim the plaintiff must allege that the defendant is unlawfully asserting an adverse claim to title to real property. *Clay v. Scheeline Banking & Trust Co.*, 40 Nev. 9, 159 P. 1081, 1082 (1916). Defendants however have asserted no interest in the Property by filing the NOD. Defendant's

filed the NOD on behalf of NDEX and not on their own behalf, and thus are not asserting that they have any claim to the Property. (NOD (5-2) at 1-2). Plaintiffs seem to acknowledge that NDEX is the party asserting an interest in the Property as trustee by alleging that Defendants were only acting as agents of NDEX. (Compl. (#1-2) at 6, 20). Because Plaintiffs seem to concede Defendants are not asserting an adverse interest on their own behalf, Plaintiffs fail to state a claim on this count.

**VII.   Fraud**

In the seventh cause of action for fraud in the inducement and through omission, Plaintiffs have again failed to state a claim against Defendants because the allegations do not apply to either Ticor Title or Silva. Under Nevada law, a claim of fraud in the inducement requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004). To establish a fraud in the omission claim, the "defendant must have been under a duty to disclose the fact to the plaintiff." *Nev. Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995).

Plaintiff cannot make out a claim of fraud against Defendants because neither of the Defendants are accused of making false representations to induce Plaintiffs to enter into the loan agreement. Defendants only filed the NOD and played no part whatsoever in the loan agreement. Defendants are also not alleged to have had any duty to disclose any facts to Plaintiffs. Because the Defendants played no part in the creation of the loan, Plaintiffs' assertion that Defendants fraudulently induced Plaintiffs into entering the loan necessarily fails.

**VIII.   Slander of Title**

In the eighth cause of action for slander of title, Plaintiffs have failed to state a claim

7

because it is undisputed that Plaintiffs are in default. (Compl. (#1-2) at 32 (noting Plaintiffs do not claim no money is owed on the loan)). To succeed on a slander of title claim, the plaintiff must show a "false and malicious communication disparaging to his title in land, and causing special damage." *Exec. Mgmt., Ltd. V. Ticor Title Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998) (citing *Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (1987).

By filing the NOD, Defendants were stating that Plaintiffs were in breach of the loan agreement due to nonpayment. (NOD (#5-2) at 2). Plaintiffs do not dispute that they are in fact in default. Because the statement is not false, Defendants cannot be liable for slander of title.

## IX.   Abuse of Process

In the ninth cause of action for abuse of process, Plaintiffs failed to state a claim because Defendants did not initiate any judicial process. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F.Supp.2d 973, 982 (D. Nev. 2009). A nonjudicial foreclosure is generally not considered the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *Barlow v. BNC Mortg., Inc.*, No. 3:11-cv-304-LRH-VPC, 2011 WL 3841223, at *4 (D. Nev. Aug. 25, 2011).

Defendants cannot be liable on this claim because the foreclosure was nonjudicial and therefore not considered "process" under the tort. Even if a foreclosure was considered to be "process", the claim against Defendants would still lack merit because Defendants only filed the NOD and did not file the notice of trustee's sale or conduct any foreclosure proceedings against the Property. For these reasons, Plaintiffs' claim of abuse of process fails.

## CONCLUSION

For the above reasons, Defendants' Motion to Dismiss (#4) is granted on all counts except count five (violation of N.R.S. § 107.080 et seq.). Defendants' Motion to Dismiss count

8

five is hereby denied.

Dated this 7th day of October, 2011.

_____
United States District Judge