**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTT D. SEXTON and SONIA L. SEXTON, husband and wife,

    Plaintiffs,

    v.

INDYMAC BANK, FSB, et al.,

    Defendants.

3:11-cv-437-RCJ-WGC

**ORDER**

This is a foreclosure case involving a single property. Defendant LSI Title Agency, Inc. ("LSI") has moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). For the following reasons, the Court grants in part and denies in part the motion to dismiss (#13).

**BACKGROUND[1]**

In 2007, Plaintiffs Scott and Sonia Sexton ("Plaintiffs") obtained a loan from Indymac Bank, FSB in the amount of $752,000.00. (Compl. (#1-2) at 23). To secure the loan, a deed of trust was executed against 5 Pecetti Circle, Reno, Nevada 89511 (the "Property") on April 24, 2007 (the "Deed of Trust"). (Deed of Trust (#14-2) at 1-3). The Deed of Trust listed Indymac Bank, FSB as lender, Stewart Title Guaranty Company as trustee, and Mortgage

---

[1] Defendant LSI has requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Req. for Judicial Notice (#14)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

Electronic Registration Systems, Inc. ("MERS") as nominee. (*Id.* at 2).

Some time later Plaintiffs defaulted on the loan. (*See* Notice of Default (#14-3)). On August 18, 2010, NDEX West, LLC ("NDEX") recorded a notice of default and election to sell under deed of trust, claiming to be the trustee under the Deed of Trust. (*Id.*). MERS assigned all beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") on September 2, 2010. (Assignment (#14-4)). On September 20, 2010, Deutsche Bank formally substituted NDEX as trustee. (Substitution of Trustee (#14-5)). A notice of trustee's sale was then executed by NDEX on April 28, 2011 and recorded by LSI on May 4, 2011. (Notice of Trustee's Sale (#14-6)).

On May 12, 2011, Plaintiffs filed this complaint in the Second Judicial District Court of the State of Nevada against Indymac Bank, FSB; NDEX; and LSI, among others. (Compl. (#1-2)). The complaint alleges nine causes of action, including: (1) debt collection violations under NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-2) at 24-48).

The action was then removed to this Court on June 21, 2011. (Petition for Removal (#1)). Defendant LSI filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on September 27, 2011. (Mot. to Dismiss (#13)).

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

LSI filed a motion to dismiss all nine causes of action against it for failure to state a claim.  (Mot. to Dismiss (#13)).  Plaintiffs timely responded and LSI filed a reply.  (Opp'n to Mot. to Dismiss (#17); Reply (#20)).

In Plaintiffs' first cause of action for debt collection violations under NRS § 649.370, Plaintiffs have failed to state a claim because LSI is not a debt collector as required by the statute.  NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under the Act is a violation of Nevada law.  For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act.  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010).  A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As the Property was being foreclosed upon pursuant to a deed of trust, LSI does not qualify as a "debt collector" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

Plaintiffs' second cause of action alleging unfair and deceptive trade practices in violation of NRS § 598.0923 is also dismissed. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because LSI in this mortgage-related case is not considered to have been doing business in Nevada, NRS § 598.0923 does not apply and this cause of action is dismissed without leave to amend.

The Court also dismisses Plaintiffs' third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim and because LSI did not originate the loan. Plaintiffs allege LSI engaged in unfair lending practices by luring Plaintiffs into obtaining the loan based solely on the future equity of the home in violation of NRS § 598D.100. (Compl. (#1-2) at 27). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and

4

does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT § 598D.110. As the loan was extended in 2007 and Plaintiffs did not file their complaint until 2011, the statute of limitations has run on this claim. Additionally, NRS § 598D.100 only applies to lenders and not to parties who did not originate the loan. NEV. REV. STAT. § 598D.100 (stating it is an unfair lending practice for a *lender* to engage in the prohibited conduct); *Velasquez v. HSBC Mortg. Serv.*, 2009 WL 2338852, *3 (D. Nev. 2009) (dismissing a claim against defendants who were not the originators of the loan). LSI merely recorded the notice of trustee's sale and is not accused to have originated the loan, and consequently this cause of action lacks merit.

Plaintiffs have also failed to state a claim in their fourth cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). LSI here is not alleged to have been in a contractual relationship with Plaintiffs, and therefore Plaintiffs' claim for violation of the covenant of good faith and fair dealing fails.

Plaintiffs have however stated a claim under their fifth cause of action for violations of NRS § 107.080. Under Nevada law, before any foreclosure sale may proceed, a notice of default must be filed by the beneficiary, trustee or authorized agent of one of these. NEV. REV. STAT. § 107.080(2)(c). Only after a notice of default is properly recorded can the party authorized to make the sale under the terms of the deed of trust file a notice of trustee's sale. NEV. REV. STAT. § 107.080(4). Although LSI apparently claims it was acting as an agent of NDEX in recording the notice of trustee's sale, NDEX had no authority to file the notice of

trustee's sale because no properly authorized notice of default had been recorded. NDEX executed the notice of default on August 18, 2010, but NDEX was not properly substituted as trustee until September 20, 2010. (Notice of Default (#14-3); Substitution of Trustee (#14-5)). Because NDEX had no authority to file the notice of default, the later filing of the notice of trustee's sale which relied upon this notice of default was improper. Accordingly, Plaintiffs have properly stated a cause of action for violations of NRS § 107.080.

In the sixth cause of action for quiet tile, Plaintiffs fail to state a claim because LSI is not claiming an interest in the Property. To succeed on a quiet title claim the plaintiff must allege that the defendant is unlawfully asserting an adverse claim to title to real property. *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082 (Nev. 1916); *see also Kemberling v. Ocwen Loan Serv., LLC*, 2009 WL 5039495, at *2 (D. Nev. 2009). LSI has asserted no interest in the property by filing the notice of trustee's sale because it filed the document as an agent of NDEX. Plaintiffs seem to acknowledge that it is NDEX, not LSI, that is asserting an interest in the Property by claiming NDEX executed the notice of trustee's sale and that LSI was only acting as an agent of NDEX when it recorded the document. (Compl. (#1-2) at 6, 20). Because Plaintiffs seem to concede LSI is not asserting an adverse interest on its own behalf, Plaintiffs fail to state a claim on this count.

In the seventh cause of action for fraud in the inducement and through omission, Plaintiffs have again failed to state a claim because the allegations do not apply to LSI and because Plaintiffs have not sufficiently plead the facts related to the fraud. Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and

specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Plaintiffs cannot make out a claim of fraud against LSI because LSI is not accused of making false representations to induce Plaintiffs to enter into the loan agreement. LSI only filed the notice of trustee's sale and played no part whatsoever in the loan agreement. Additionally, Plaintiffs' fraud allegations lack the specificity required by Rule 9(b) because Plaintiffs have failed to state with particularity the alleged fraudulent acts LSI committed, and when and where these fraudulent actions took place. Therefore, the Court dismisses Plaintiffs' seventh cause of action without leave to amend.

The eighth cause of action for slander of title fails because LSI did not record the notice of default and because the statements were not untrue. Plaintiffs allege that LSI slandered their title to the Property by recording the notice of default knowing that it was unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-2) at 45-46). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). LSI however only recorded the notice of trustee's sale and did not record the notice of default. Even if LSI had recorded both documents, these documents were not false because Plaintiffs concede that they have defaulted under the note and the Property was intended to be sold. For these reasons, Plaintiffs eighth cause of action lacks merit.

Plaintiffs have also failed to state a claim on their ninth and final cause of action for abuse of process because Plaintiffs have not plead any facts demonstrating that LSI had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) wilfully used the legal process in a manner that is not proper

in the regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Yet Plaintiffs have plead no facts that would show LSI had any ulterior motive in bringing the foreclosure action. Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was intended to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Accordingly, Plaintiffs' ninth cause of action lacks merit and is dismissed without leave to amend.

## CONCLUSION

For the above reasons, IT IS ORDERED that LSI's motion to dismiss (#13) is granted on all counts except count five (violation of NRS § 107.080). LSI's motion to dismiss count five is hereby denied.

DATED: This 23rd day of February, 2012.

_____
United States District Judge